UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR GAVILLAN-MARTINEZ,
     Plaintiff,

v.                         Case No.: 3:22cv5734/LAC/ZCB

RICKY DIXON, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. Plaintiff is a state prisoner. Defendants are officials with the Florida Department of Corrections (FDOC). Plaintiff claims that Defendants violated the First Amendment by implementing a policy of posting a Passover participation notice only in the chapel and not in the dormitories where Jewish services were held. Defendants have moved to dismiss. (Docs. 30, 35). Plaintiff has responded in opposition. (Doc. 46). For the reasons below, Defendants' motions to dismiss should be granted in part and denied in part.

## I.   Summary of Plaintiff's Factual Allegations[1]

Plaintiff names three Defendants in this action: (1) Ricky Dixon, Secretary of the FDOC; (2) Eric Coley, Chaplain at Okaloosa Correctional Institution; and (3) Johnny Frambo, Head Chaplain of the FDOC.  (Doc. 16 at 2-3).   Plaintiff sues Defendants Dixon and Frambo in their individual and official capacities.  He sues Defendant Coley only in his individual capacity.  (*Id.*).

Plaintiff is Hispanic and a follower of Messianic Judaism.  (*Id.* at 27, 4).  In his complaint, Plaintiff first alleges that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Free Exercise Clause of the First Amendment by implementing a policy of posting the Passover participation notice in the chapel to which Plaintiff did not have access.  (*Id.* 14-24).  Plaintiff alleges that Jewish services were held in a classroom inside the institution, not in the chapel like other religious services.  (*Id.* at 9, 13).  To access the chapel, which "is located separately from the Institution's compound" and locked behind a gate, an inmate must be on the "master roster call out."

---

[1] At this point in the proceeding, the Court assumes the allegations are true.  *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

(*Id.*).  Plaintiff alleges he repeatedly requested to be on the master roster call out but was denied.  (*Id.* at 7, 9, 12).  According to Plaintiff, the Passover participation notice for 2022 was posted only in the chapel.  Thus, because Plaintiff was denied access to the chapel, he says he never saw the Passover participation notice.  As a result, he was denied participation in Passover because he did not timely submit his participation form.  (*Id.*).

Plaintiff further alleges Defendant Coley wrongfully denied his Passover participation request and intentionally discriminated against him.  (*Id.* at 5-6).  Plaintiff asserts that he submitted his Passover participation request on January 21, 2022.  (*Id.* at 5).  The request was marked received by Defendant Coley on January 24, 2022.  (*Id.* at 38).  Defendant Coley denied Plaintiff's request, writing "deadline to sign up for the Passover has already passed."  (*Id.*; *see also id.* at 5).  Plaintiff alleges Defendant Coley wrongfully denied his request as untimely—Plaintiff asserts he submitted his request form the day of the deadline, January 21, 2022.

Plaintiff also alleges that Defendant Coley discriminated against him because of his race.  In support of his claim, Plaintiff states that

3

Defendant Coley granted a Black inmate's Passover participation request even though it was submitted a month after Plaintiff's. (*Id.* at 10). Plaintiff brings additional claims for violation of the Fourteenth Amendment's Equal Protection Clause and intentional infliction of emotional distress against Defendant Coley. (*Id.* at 24-29).

As a result of Defendants' actions, Plaintiff alleges he was forced to disobey his religious beliefs by either possessing food items containing leaven or not eating for seven days. (*Id.* at 13-14, 15-16). In terms of relief, Plaintiff seeks nominal and punitive damages. (*Id.* at 30). He also seeks declaratory relief and an injunction requiring the FDOC to post Passover participation notices in the dormitories. (*Id.*).

## II.   Motion to Dismiss Standard

Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc.*, 48 F.4th at 1229. Additionally, a *pro se* litigant's complaint must be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## III.    Discussion

Defendants move to dismiss Plaintiff's third amended complaint on numerous grounds. They argue: (1) Plaintiff has failed to allege he was deprived of any federal right (Docs. 30 at 3; 35 at 3); (2) Plaintiff has failed to allege Defendants acted under color of state law (*id.*); (3) qualified immunity bars Plaintiff's § 1983 claims (Docs. 30 at 3-5; 35 at 3-5); (4) the Eleventh Amendment bars Plaintiff's claims against Defendants Dixon and Frambo in their official capacities (Docs. 30 at 5-6; 35 at 5); (5) Plaintiff cannot seek monetary damages under RLUIPA

(Docs. 30 at 6; 35 at 5); and (6) Plaintiff has failed to state a claim against Defendant Coley for intentional infliction of emotional distress (Doc. 30 at 6).  Each argument is addressed below.

### A. Plaintiff alleges he was deprived of a federal right.

Defendants argue that Plaintiff "fails to allege that he was deprived of any federal right by Defendants."  (Docs. 30 at 3; 35 at 3).  That is incorrect.  Plaintiff has alleged that he was deprived of his rights under the First Amendment, RLUIPA, and the Fourteenth Amendment.

The First Amendment prohibits the government from enacting any law "prohibiting the free exercise" of religion.  *See* U.S. Const. amend. I. "In the prison setting, a rule, regulation, or policy restricting the exercise of religion is valid if it is reasonably related to legitimate penological interests."  *Dorman v. Aronofsky*, 36 F.4th 1306, 1313 (11th Cir. 2022) (cleaned up).  The RLUIPA was enacted, in part, to address the "frivolous or arbitrary barriers imped[ing] institutionalized persons' religious exercise."  *Cutter v. Wilkinson*, 544 U.S. 709, 716 (2005) (cleaned up).  The RLUIPA provides even greater religious protection than the First Amendment.  *See id.* at 716-17; *see also Dorman*, 36 F.4th at 1313 (11th Cir. 2022).  And the Equal Protection Clause of the Fourteenth

Amendment requires the government to treat similarly situated people alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Plaintiff has alleged that Defendants violated his rights under the First Amendment and RLUIPA by enacting and enforcing a policy that Passover participation notices be posted only in the chapel—even though Plaintiff, a Messianic Jew, was denied access to the chapel and had no other way of obtaining the information contained on the Passover participation notices. (*See* Doc. 16 at 14-24). Plaintiff further alleges that Defendant Coley violated the Fourteenth Amendment by treating him differently than a similarly situated inmate because of his race. (*Id.* at 24). The First Amendment, RLUIPA, and the Fourteenth Amendment are federal rights. Thus, the Court rejects Defendants' argument that Plaintiff has failed to allege the deprivation of a federal right. Indeed, the Court is puzzled that Defendants have made this argument given Plaintiff's repeated allegations that Defendants' conduct violated the U.S. Constitution and the federal RLUIPA statute.

## B. Plaintiff alleges that Defendants acted under color of state law.

Next is Defendants' argument that Plaintiff has failed to allege that Defendants acted "under color of state law." (Docs. 30 at 3; 35 at 3). To prevail on a civil rights claim under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995). "It is firmly established that a defendant in a § 1983 suit acts under color of law when he abuses the position given to him by the State." *Griffin*, 261 F.3d at 1303 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

This argument is just as puzzling as the previous one. Contrary to Defendants' argument, Plaintiff's complaint clearly and repeatedly alleges that Defendants acted "under color of state law." According to the facts alleged by Plaintiff, Defendant Dixon was acting in his capacity as

8

Secretary of the FDOC when he enacted the policy that Passover notices be posted only in the chapel. (Doc. 16 at 14-17). It is also alleged that Defendant Frambo was acting in his capacity as Head Chaplain of the FDOC when he also implemented the policy that Passover notices be posted only in the chapel. (*Id.* at 17-21). And it is alleged that Defendant Coley was working as the chaplain at Okaloosa Correctional Institution when he posted the Passover notice in the chapel, denied Plaintiff's request to participate in Passover, and approved another inmate's late request to participate in Passover. (*Id.* at 21-29). Additionally, Plaintiff's complaint specifically names each of the Defendants and unambiguously states that "[a]t all times relevant hereto" those Defendants were "operating under color state law." (*Id.* at 11).

Plaintiff's allegations are more than sufficient to plausibly claim that Defendants were acting under color of state law. All three Defendants acted with the authority given to them by virtue of their state employment when they allegedly engaged in the actions complained of by Plaintiff.[2] *See Johnson v. Crosby*, No. 5:06cv92, 2006 WL 8450965, at *8

---

[2] Indeed, later in Defendants' motions to dismiss they argue they were acting within their discretionary authority as FDOC officials. (Docs. 30

(N.D. Fla. Oct. 18, 2006) (stating that the defendant "was a person acting under color of state law during the relevant time period because as secretary of the Florida Department of Corrections, he was an employee of the State of Florida, a state actor"); *see also Whitman v. Hinton*, No. 4:18cv101, 2019 WL 3776472, at *3 (S.D. Ga. Aug. 9, 2019) ("Defendant was acting under color of state law at the time of the attack as he was working as a correctional officer for the Georgia Department of Corrections."). Defendants' motions to dismiss, therefore, should be denied on this ground.

### C. Defendants are not entitled to qualified immunity at this time.

Defendants have also moved to dismiss on the basis of qualified immunity. (Docs. 30 at 3-5; 35 at 3-5). "Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999).

---

at 5; 35 at 5). This further supports the conclusion that Defendants were acting "under color of state law" during the events alleged by Plaintiff.

For defendants to receive qualified immunity, "they must first demonstrate that they were engaged in a discretionary duty." *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). If they were, then the burden shifts to the plaintiff to establish that qualified immunity is unwarranted. *Id*. Meeting that burden requires "satisfying a two-part inquiry." *Id*. First, the plaintiff's allegations, if true, must establish a violation of a constitutional right. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). Second, that constitutional right must have been clearly established when the incident occurred. *Id*. The plaintiff must satisfy both parts, but the "analysis may be done in whatever order is deemed most appropriate for the case." *Id*.

Although Defendants raise the issue of qualified immunity in their brief, they have not sufficiently explained why under the facts of this case as alleged qualified immunity is warranted. Instead, the few paragraphs devoted to qualified immunity are largely an "iteration of the legal standard bookended by conclusory allegations that" Defendants are entitled to qualified immunity. *Cifuentes v. Sec'y, Dep't of Homeland Sec.*, No. 6:21cv770, 2022 WL 1238612, at *3 (M.D. Fla. Feb. 2, 2022), *adopted by* 2022 WL 4285898 (Sept. 16, 2022); (Docs. 30 at 3-5; 35 at 3-5).

11

Defendants "make[] no attempt to tie the case law to the specific issues presented in this case," and their "conclusory statements are not sufficient to support a Motion to Dismiss." *Cifuentes*, 2022 WL 1238612, at \*3; *see also Bethune-Cookman, Univ., Inc. v. McLeod*, No. 6:22cv47, 2022 WL 18926797, at \*2 (M.D. Fla. Sept. 21, 2022) ("Conclusory arguments that do not tie the case law to any specific issues presented are not sufficient to support a motion to dismiss.").

But even if Defendants had sufficiently developed their qualified immunity argument, it would lack merit at this stage in the case. Plaintiff's allegations—taken as true and construed liberally—plausibly state violations of the First Amendment, RLUIPA, and the Equal Protection Clause. And these rights were clearly established when the incident occurred. *See, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (recognizing that a prison violates the Constitution if it denies a prisoner the reasonable opportunity to pursue his religious beliefs); *Saleem v. Evans*, 866 F.2d 1313, 1314 (11th Cir. 1989) (recognizing that prisoner had stated a constitutional violation against prison officials who allegedly prevented him from participating in a religious observance); *Presley v. Edwards*, No. 2:04cv729, 2008 WL 495875, at\*6 (M.D. Ala. Feb.

12

20, 2008) (denying qualified immunity because "the law was clearly established" that prisons cannot arbitrarily infringe on inmate's religion); *Brown v. Thomas*, No. 3:20cv726, 2022 WL 874357, at *17-18 (M.D. Fla. Mar. 24, 2022) (denying qualified immunity to prison officials on the plaintiff's claim that he was unconstitutionally denied the ability to participate in the Passover feast). Thus, for the reasons more fully explained below, the Court is unpersuaded by Defendants' argument that Plaintiff's complaint should be dismissed on the basis of qualified immunity.

### 1. First Amendment & RLUIPA

To plead a free exercise claim under the First Amendment, a plaintiff "must allege that the government has impermissibly burdened one of his sincerely held religious beliefs." *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (cleaned up). The RLUIPA provides even greater protection for a prisoner-plaintiff's religious beliefs than the First Amendment. *See Cutter v. Wilkinson*, 544 U.S. 709, 716-17 (2005). It was enacted, in part, to address the "frivolous or arbitrary barriers imped[ing] institutionalized persons' religious exercise." *Id.* at 716 (cleaned up). As relevant here, Section 3 of the RLUIPA states:

> No government shall impose . . . a substantial burden on the religious exercise of a person . . . unless the government demonstrates that imposition of the burden on that person . . .
>
> > (A) is in furtherance of a compelling governmental interest; and
> >
> > (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1).

To prevail on a RLUIPA claim, the plaintiff must show that a government rule, regulation, practice, or policy substantially burdened his religious exercise. *Ramirez v. Collier*, 595 U.S. 411, 425-27 (2022) (holding that a Baptist prisoner's challenge to Texas's execution protocol, which prevented spiritual advisors from being present in the execution chamber, was appropriate for a RLUIPA claim); *Holt v. Hobbs*, 574 U.S. 352, 361, 370 (2015) (determining that a grooming policy that prevents prisoners from growing beards, in accordance with their religious beliefs, violates RLUIPA). To establish a government rule, regulation, practice, or policy, a prisoner must allege more than a single incident because "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985) (holding that when a claim requires showing a government "policy"

14

violated a prisoner's constitutional rights, isolated conduct, standing alone, will not suffice).

Here, Plaintiff has alleged that the Defendants' policy of posting Passover participation notices only in the chapel—where Plaintiff was denied access—substantially burdened his religious exercise by preventing or making it substantially more difficult for him to participate in Passover.[3]  And because of this policy, Plaintiff alleges he did not receive notice about the deadline to participate in 2022 Passover.  He says he was forced to not eat for seven days or violate his religious beliefs. These allegations are sufficient to plausibly state First Amendment and RLUIPA violations by Defendants.  *See Brown v. Thomas*, No. 3:20cv726, 2022 WL 874357, at **14-15 (M.D. Fla. Mar. 24, 2022) (holding plaintiff stated a plausible First Amendment claim when the allegations were that defendant denied plaintiff's request for Passover meals).

Moreover, because the facts alleged support an inference that Defendants acted intentionally in depriving Plaintiff of his free exercise

---

[3] This policy allegation is substantiated by the Warden's response to Plaintiff's inmate grievance. (Doc. 16 at 41).  In response to Plaintiff's grievance, the Warden indicated that FDOC's Central Office had instructed Defendant Coley to post the Passover participation notice in the chapel only.  (*Id.*).

rights, they are not entitled to qualified immunity at this stage. "Under both the Free Exercise Clause and RLUIPA in its most elemental form, a prisoner has a clearly established . . . right to a diet consistent with his . . . religious scruples, including proper food during [Passover]." *Lovelace v. Lee*, 472 F.3d 174, 198-99 (4th Cir. 2006) (cleaned up). "A prison official violates this clearly established right if he intentionally and without sufficient justification denies an inmate his religiously mandated diet." *Id.* Plaintiff has alleged that Defendants impermissibly denied him the ability to observe the Passover—an important part of his religious faith.

### 2. Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (cleaned up). A plaintiff must also allege that the defendant intentionally discriminated against him.

16

*See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *see also E & T Realty v. Strickland*, 830 F.2d 1107, 1113 (11th Cir. 1987).

Here, Plaintiff alleges that Defendant Coley denied his Passover participation request as untimely but granted another inmate's Passover participation request submitted a month after Plaintiff's. (Doc. 16 at 24-26). Plaintiff alleges both he and the other inmate, Inmate Simmons, were similarly situated in all material respects, except that Inmate Simmons is Black and Plaintiff is Hispanic. (*Id.* at 27). Plaintiff alleges that "[h]ad Inmate Simmons not been a black inmate, Defendant Coley would not have approved his late request to participate in Passover." (*Id.*). Taking Plaintiff's allegations as true, he has plausibly stated an equal protection claim.

Furthermore, it was clearly established at the time of the alleged incident that prison officials may not treat inmates differently based on their race. *See, e.g.*, U.S. Const. amend. XIV; *White v. Trapp*, 93 F. App'x 23, 27-28 (6th Cir. 2004) ("The law is clearly established that a prison official may not . . . treat [inmates] differently based on their membership in a protected class."); *Martin v. Wainwright*, 525 F.2d 983, 984-85 (5th Cir. 1976) (recognizing that race is an unconstitutional factor upon which

17

to base the denial of visitation privileges)[4]; *Anthony v. Burkhart*, 28 F. Supp. 2d 1239, 1245 (M.D. Fla. 1998) ("Clearly, prison officials cannot discriminate against Plaintiff on the basis of his age, race, or handicap in choosing whether to assign him a job or in choosing what job to assign him.").

### D. Plaintiff may proceed with his claims against Defendants Dixon and Frambo in their official capacities.

Defendants Dixon and Frambo argue Plaintiff's official capacity claims against them are barred by the Eleventh Amendment. The Eleventh Amendment's sovereign immunity doctrine bars a § 1983 plaintiff's claim for monetary damages against individual employees of the FDOC in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). But Plaintiff is not seeking damages against Defendants in their official capacities. Plaintiff clarifies in his response to Defendants' motions that "[a]ll claims for nominal and punitive [damages] are against the Defendants in their personal

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

capacity." (Doc. 46 at 18). Thus, Plaintiff is not bringing any monetary damages claims against Defendants Dixon and Frambo in their official capacities that would be barred by the Eleventh Amendment.

Moreover, the Eleventh Amendment does not bar Plaintiff's official capacity claims against Defendants Dixon and Frambo in so far as Plaintiff seeks prospective declaratory and injunctive relief. *Smith v. Fla. Dep't of Corr.*, 318 F. App'x 726, 728 (11th Cir. 2008) ("While state defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment, they are not immune from claims seeking prospective declaratory or injunctive relief."). "Under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), there is a long and well-recognized exception to this rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1220 (11th Cir. 2000).

Here, Plaintiff seeks declaratory and injunctive relief to stop the FDOC from violating his constitutional rights in the future. He seeks declaratory relief that posting Passover notices announcing deadlines in

an area he is denied access to is unconstitutional, and injunctive relief directing the FDOC to post the Passover notices in dormitories so that Plaintiff can see the notices in the future. Thus, because Plaintiff seeks prospective injunctive and declaratory relief, his claim against Defendants Dixon and Frambo in their official capacities are not barred by the Eleventh Amendment.

### E. RLUIPA does not authorize monetary damages against prison officials in their individual capacities.

Defendants argue that "Plaintiff's claims under the [RLUIPA] improperly seek monetary damages from the individual Defendants and those claims should be dismissed." (Doc. 30 at 6; 35 at 5). Defendants are correct. RLUIPA does not authorize claims for monetary damages against prison officials in their individual capacities. *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) ("[W]e conclude that section 3 of RLUIPA—a provision that derives from Congress' Spending Power— cannot be construed as creating a private action against individual defendants for monetary damages"), *overruled in part on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (en banc); *Ravan v. Talton*, No. 21-11036, 2023 WL 2238853, at **6-7 (11th Cir. Feb. 27, 2023) (affirming the district court's dismissal of plaintiff's RLUIPA claim

seeking monetary damages against individual defendants); *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 82 F.4th 337, (5th Cir. 2023) (holding plaintiff cannot recover monetary damages against the defendant-officials in their individual capacities under RLUIPA); *Heyward v. Cooper*, 88 F.4th 648, 656 (6th Cir. 2023) ("RLUIPA doesn't permit money-damages claims against state prison officials in their individual capacities."); *Surdakowski v. Dixon*, No. 4:22cv468-WS-MAF, 2023 WL 4033603, at *6 (N.D. Fla. April 27, 2023) ("RLUIPA does not authorize claims for monetary damages against prison officials in their individual . . . capacities."). Accordingly, Plaintiff's monetary damages claims against Defendants in their individual capacities for RLUIPA violations should be dismissed.

### F. Plaintiff's intentional infliction of emotional distress claim should be allowed to proceed.

Defendant Coley argues that Plaintiff's claim against him for intentional infliction of emotional distress should be dismissed because Plaintiff's allegations fail to state a claim and the claim is barred by Florida Statute § 768.28(9)(a). (Doc. 30 at 6).

In a single conclusory sentence Defendant Coley asserts Plaintiff has failed to sufficiently allege a claim of intentional infliction of

emotional distress.  (Doc. 30 at 6) ("Finally the claims against Cooloey [sic] in Claim 7 of Intentional Infliction of Emotional Distress should be dismissed as failing to allege sufficiently such claims under Florida law.").  Defendant Coley cites one case, but the case is not factually similar to the allegations in this case.  *See LeGrande v. Emmanuel*, 889 So. 2d 991 (Fla. 3rd DCA 2004) (dismissing Baptist minister's intentional infliction of emotional distress claim against two parishioners who accused the minister of stealing church funds).  If Defendant Coley wanted to pursue this argument, then he should have included a substantive discussion of the elements of an intentional infliction of emotional distress claim and explained why Plaintiff's allegations were insufficient.  Instead, Defendant Coley has provided only a conclusory assertion in an apparent hope that the Court will develop the argument for him.  But it will not.  Because "conclusory arguments are not sufficient to support [a] motion to dismiss," Plaintiff's claim for intentional infliction of emotional distress should not be dismissed.[5]  *J.P. ex rel. Price*

---

[5] Plaintiff has alleged every element of an intentional infliction of emotional distress claim.  Under Florida law, a person "who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *E. Airlines, Inc. v. King*, 557 So. 2d 574, 575-76 (Fla. 1990).  To

*v. Crews*, No. 2:12cv46, 2012 WL 1466634, at \*6 (M.D. Ala. Apr. 27, 2012);

*see also MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-

21583, 2020 WL 5984382, at \*7 (S.D. Fla. May 12, 2020), *adopted by* 2020

WL 5982020 (S.D. Fla. Oct. 8, 2020) ("If Defendant wanted to pursue this

argument, it should have included a substantive discussion of collateral

estoppel and the reasons that the doctrine applies. Yet, Defendant only

makes a conclusory assertion and then it leaves it to the Court to make

sense of it. We decline to do so because conclusory arguments are not

sufficient to support his motion to dismiss.") (cleaned up); *Heritage Prop.*

*& Cas. Ins. Co. v. Holmes*, No. 3:20-cv-539, 2021 WL 816944, at \*4 (M.D.

---

state a claim of intentional infliction of emotional distress, a plaintiff
must allege: "(1) the defendant's conduct was intentional or reckless; (2)
the conduct was outrageous, beyond all bounds of decency, and odious
and utterly intolerable in a civilized community; (3) the conduct caused
emotional distress; and (4) the emotional distress was severe." *Moore v.
Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015).

Plaintiff alleges that Defendant Coley knew Plaintiff and other
"Jewish adherents" would not have notice of the Passover participation
deadline if it was posted in the chapel, yet he continued to post the
Passover participation notice in a place Plaintiff and other Messianic
Jews would not see it. As a result of this action, Plaintiff claims he
suffered severe emotional distress and was "forced to choose between not
eating for seven days or to violate his religious requirements." (Doc. 16
at 29). Defendant Coley fails to specify what else Plaintiff should have
alleged and provides no caselaw suggesting Plaintiff's intentional
infliction of emotional distress claim must fail as a matter of law.

Ala. Mar. 3, 2021) ("Beyond the conclusory assertion that the complaint fails to state a claim for which relief can be granted, the Defendants offer no argument or analysis in support of their motion to dismiss on this basis. The burden is on the parties to formulate arguments and present law in support of their position. The Defendants fail to do this, and their motions to dismiss on this basis are due to be denied.") (internal citations omitted).

Turning to Defendant Coley's next argument, Florida courts have long recognized that Florida Statute § 768.28(9)(a) "bars claims for [] intentional infliction of emotional distress" against the State and its subdivisions. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1330 (11th Cir. 2015). Section § 768.28(9)(a) provides that the State of Florida and its subdivisions "shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . committed . . . in a manner exhibiting wanton and willful disregard of human rights, safety, or property." This bar, however, is not applicable here because Plaintiff is suing Defendant Coley in his individual capacity. *See C.P. by & through Perez v. Collier Cnty.*, 145 F. Supp. 3d 1085, 1096-97 (M.D. Fla. 2015) (recognizing § 768.28(9)(a) bars an intentional infliction of emotional

distress claim against individual defendants in their official capacities, but does not bar the claim against defendants in their individual capacities); *Edison v. Florida*, No. 2:04cv157, 2007 WL 80831, at *7 (M.D. Fla. Jan. 8, 2007) (denying sheriff-defendants' motion to dismiss the intentional infliction of emotional distress claims against defendants in their individual capacities); *Andrade v. Marceno*, No. 2:19-cv-887, 2021 WL 1848988, at *5 (M.D. Fla. Mar. 29, 2021) (granting plaintiff leave to amend to include an intentional infliction of emotional distress claim against a defendant in his individual capacity). Thus, Defendant Coley's motion to dismiss Plaintiff's intentional infliction of emotional distress claim against him in his individual capacity should be denied.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.      Defendants' motions to dismiss (Docs. 30, 35) be **GRANTED in part** to the extent that Plaintiff's individual capacity claims for money damages under RLUIPA should be **DISMISSED**.

2.      Defendants' motions to dismiss (Docs. 30, 35) be **DENIED** in all other respects.

3.     This matter be recommitted to the undersigned for further

proceedings.

At Pensacola, Florida, this 26th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.