UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR GAVILLAN-MARTINEZ,
    Plaintiff,

v.                                  Case No.: 3:22cv5734/TKW/ZCB

RICKY DIXON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case. Currently before the Court is Plaintiff's motion for summary judgment. (Doc. 73). The motion is untimely and should be denied.

A district court is required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (cleaned up).

1

As the Eleventh Circuit has recognized, "deadlines are not meant to be aspirational." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004). A plaintiff's *pro se* status does not excuse non-compliance with Court deadlines. *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that *pro se* litigants are "subject to the relevant law and rules of court"); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").

In this case, the dispositive motions' deadline was July 9, 2024. (Doc. 57 at 1, 3). No dispositive motions were filed by that deadline. Thus, the Court issued a pretrial order. (Doc. 71). On August 16, 2024, Plaintiff's motion for summary judgment was docketed. (Doc. 73). The motion for summary judgment was not provided by Plaintiff to prison officials for mailing until July 18, 2024—over a week after the dispositive motions deadline had expired. (Doc. 73 at 1, 42) (indicating the motion was provided for mailing on July 18, 2024). Plaintiff has been aware of the dispositive motions' deadline since March of 2024. (Doc. 57). If

2

Plaintiff needed additional time to file a motion for summary judgment, then he should have moved for an extension of the deadline before it expired. But he did not. Nor has Plaintiff sought leave to file an untimely motion for summary judgment.

Because Plaintiff filed his motion for summary judgment late, and he has failed to show good cause for excusing his tardiness, the motion for summary judgment should be denied. *See Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (affirming dismissal of an untimely motion for summary judgment); *see also Killick v. Harbor Freight Tools*, No. 5:21cv111, 2023 WL 1825094, at *2 (N.D. Fla. Jan 9, 2023) ("Because Plaintiff utterly failed to show good cause for his belated motion for summary judgment, the District Court should deny Plaintiff's motion for summary judgment for this reason alone."); *Hill v. Hill*, No. 6:20cv23, 2022 WL 806281, at *2 (S.D. Ga. Feb. 9, 2022) (stating that motion for summary judgment should be denied because it was filed "after the deadline" and without "show[ing] good cause for [the] untimely motion"). Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment (Doc. 73) be **DENIED**.

At Pensacola, Florida, this 19th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.